IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JASON WARRICK, | |
| Plaintiff, | Civil Action No. 23-cv-112-LKG |
| v. | Dated: March 15, 2023 |
| JOHN L. NORTON, III, | |
| Defendant. | |

## MEMORANDUM OPINION

Self-represented plaintiff Jason Warrick, who is incarcerated at Talbot County Detention Center, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Warrick's Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Warrick brings this Complaint against Talbot County District Court Judge John L. Norton, III. ECF No. 1. Warrick alleges that Judge Norton stated, without evidence, that "[Plaintiff] had a mental problem and [] was on medication and other degrading things that are not true." *Id.* at 6. The Complaint alleges violations of Warrick's Fourteenth Amendment rights to due process regarding the state court proceedings and various "policies and procedures." *Id.* at 8. Outside his allegation that Judge Norton made untrue statements about him, Warrick provides no facts as to how his rights were violated.

For the reasons discussed below, Warrick's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Self-represented pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, for the reasons that follow, Warrick's claims against the named Defendant may not proceed.

Warrick's claim against Judge Norton is barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") The doctrine of judicial immunity shields them from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).

Moreover, "judges . . .are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553-54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all

2

jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester at* 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13. Neither exception applies here. Warrick's claims against Judge Norton stem from actions taken by that judge during Warrick's criminal proceedings. Rulings on pending cases over which the judge had jurisdiction are precisely the type of judicial action covered by judicial immunity. Warrick has offered no grounds to defeat the judicial immunity that applies to Judge Norton's determinations in his case.

To the extent Warrick seeks mandamus relief, this Court lacks jurisdiction to grant such relief. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees, such as Judge Norton. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means exist to grant the relief sought. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

Accordingly, Warrick's Complaint against Judge Norton is dismissed.

A separate Order follows.

LYDIA K. GRIGGSBY
United States District Judge